## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARGARET MARY ROUDEBUSH : Case No. 1:18-cv-48
TEDDER, TRUSTEE OF THE :
ROUDEBUSH CHILDRENS TRUST, : Judge Timothy S. Black
    Plaintiff, :
     :
vs. :
     :
DIANE KOTAR (POLLEY), *et al.*, :
    Defendants. :

## ORDER GRANTING IN PART,
## AND DENYING IN PART,
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 10)

This case is before the Court on the motion of Defendants Diane R. Kotar (Polley) and LPL Financial LLC ("LPL") for judgment on the pleadings (Doc. 10), as well as the parties' responsive memoranda (Docs. 13, 14).

## I.     INTRODUCTION

Plaintiff Margaret Mary Roudebush Tedder is the acting Trustee of an established trust in the state of Ohio, known as the Roudebush Childrens Trust ("Trust").  (Doc. 4 at 1).  The Trust previously owned a fixed whole life policy of insurance with guarantees on the lives of Peggy A. Roudebush and Charles C. Roudebush as its corpus with Sun Life of Canada with a Two Million Dollars ($2,000,000) death benefit, second to die coverage.  (*Id.* at ¶ 2)

Ms. Polley is an Ohio licensed insurance agent, previously located in Blue Ash, Hamilton County, Ohio, and currently located in Kentucky.  (Doc. 4 at ¶ 3).

In 2000, the Plaintiff's Trustee met with Ms. Polley to determine the best interests of the Trust's continuation of the Sun Life policy. (Doc. 4 at ¶ 4). LPL was the broker dealer for Ms. Polley at all relevant times. (*Id.* at ¶ 5).

Plaintiff through its insured Ms. Roudebush submitted an application for Life Insurance with defendants Polley and LPL. (Doc. 4 at ¶ 6). The application was executed by the then-serving Trustee and Ms. Polley. (*Id.* at ¶ 7). As a result of the application, a new Variable Universal Life policy ("VUL") was issued and replaced the Sun Life of Canada policy through Defendant The Penn Mutual Life Insurance Company ("Penn Mutual") on November 6, 2000. (*Id.* at ¶ 8).

Penn Mutual is an underwriter of life insurance, whose authority to issue policies of life insurance is upon the submission of its agents and brokers, such as Defendants Polley and LPL. (Doc. 4 at ¶ 9). Penn Mutual received for its benefit all of the premiums that the Plaintiff paid since November 2000 and has invested said funds in multiple Underlying Investment Funds of Penn Mutual. (*Id.*)

The Underlying Investment Funds lost money to the point of termination. (Doc. 4 at ¶ 10). There was never a change of the Underlying Investment Funds portfolio. (*Id.* at ¶ 11). There were no attempts to communicate or meet with Plaintiff by Defendants Polley, LPL, or Penn Mutual to discuss alternate strategies on the Underlying Investment Funds given the losses to change the allocation thereof, monitor the investments, or assess the investments in light of the changing market conditions. (*Id.* at ¶ 12).

Plaintiff's Complaint asserts two claims, both of which assert Defendants were negligent, and breached fiduciary duties, by (1) recommending the Penn Mutual Variable

Life policy to replace the Sun Life of Canada policy, and (2) failing to appropriately monitor the funds to avoid continuing losses.

## II.    STANDARD

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing

*Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (*citing* Fed. Rule Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Plaintiff's claims are barred, in part, by the statute of limitations.

Both of Plaintiff's claims allege Polley and LPL were negligent and breached fiduciarty duties. Claims for negligence and breach of fiduciary duties are subject to the four-year statute of limitations codified at Ohio Rev. Code § 2305.09. *Investors REIT One v. Jacobs*, 46 Ohio St. 3d 176, 179, 546 N.E.2d 206 (1989) (claims for negligence, and professional negligence, are governed by the four-year limitations period in R.C. 2305.09); *Antioch Co. Litig. Trust v. Morgan*, Case No. 3:10-cv-156, 2013 U.S. Dist. LEXIS 46777, at * 6 (S.D. Ohio Apr. 1, 2013) ("It is undisputed that . . . breach of fiduciary duty claims are subject to a four-year statute of limitations."). Both claims

accrue at the time of the allegedly wrongful act or omission. *See Union Savings Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App. 3d 540, 2010-Ohio-6396, ¶ 25 (claims for negligence and breach of fiduciary duty accrue at the time of the wrongful act).

Plaintiff filed the complaint in this action on December 20, 2017. (Doc. 4). Accordingly, Plaintiff's claims are barred to the extent they are premised on acts or omissions that occurred prior to December 20, 2013. Ohio Rev. Code § 2305.09. For example, Plaintiff's claims are time-barred to the extent they are premised on Plaintiff's allegations that Polley and LPL "recommended the Penn Mutual Variable Life policy to replace the Sun Life of Canada policy to be in their best interests" in 2000 (17 years before Plaintiff filed suit). (*See* Doc. 4 at ¶¶ 4, 16).

### B. Plaintiff's claims for breach of fiduciary duties fail.

Polley and LPL argue Plaintiff's claims for breach of fiduciary duties fail to state a claim upon which relief can granted. The elements for a claim of breach of fiduciary duties are (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom. *See Waffen v. Summers*, 6th Dist. Ottawa No. OT-08-034, 2009-Ohio-2940, ¶ 38 (citation omitted).

Polley and LPL argue they were not in a fiduciary relationship with Plaintiff and accordingly did not owe Plaintiff fiduciary duties. (Doc. 10 at 16-17). The Court agrees. The term "fiduciary relationship" has been defined as a relationship "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Groob v. KeyBank*, 108 Ohio St. 3d 348, 351 (2006) (internal quotation marks omitted).

When a fiduciary relationship is not created in a written contract or by law, the court may find it was created informally but "only when both parties understand that a special trust or confidence has been reposed." *Umbaugh Pole Bldg. Co., Inc. v. Scott*, 58 Ohio St.2d 282, 390 N.E.2d 320 (1979).

Here, the Complaint does not set forth facts from which this Court can reasonably infer Polley and LPL were in a fiduciary relationship with Plaintiff. The Complaint does not identify a contract creating the fiduciary relationship, nor does it allege that <u>both parties</u> understood that a special trust or confidence had been reposed. The Complaint merely alleges that Polley and LPL recommended and helped Plaintiff procure an insurance policy. That allegation is insufficient to establish a fiduciary relationship: "<u>the relationship between an insurance agent and an insured, without more, is not a fiduciary relationship, but an ordinary relationship</u>." *Roberts v. Maichl*, 1ˢᵗ Dist. Hamilton No. C-040002, 2004-Ohio-4665, ¶ 15 (emphasis added). Having failed to sufficiently allege the existence of a fiduciary relationship, Plaintiff's claims for breach of fiduciary duties against Polley and LPL fail to state a claim upon which relief can be granted. *See OBLH v. O'Brien*, 11ᵗʰ Dist. Trumbull No. 2013-T-0111, 2015-Ohio-1208, ¶ 16 ("[W]ithout first alleging facts that a fiduciary relationship in fact existed, appellants cannot demonstrate that a breach of a fiduciary relationship occurred.").

### C.     Plaintiff's negligence claims survive.

Finally, Polley and LPL argue Plaintiff's negligence claims fail as a matter of law. (Doc. 10 at 16-17; Doc. 14 at 11-15). To establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury

proximately resulting therefrom. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, 788 N.E.2d 1088 (citation omitted).

Polley and LPL argue that "an action [against an insurance agent] for negligence must be based upon an insurance agent's failure to procure proper insurance." (Doc. 14 at 11). Polley and LPL claim Plaintiff did not assert a negligent procurement claim, and in any event, such a claim is barred by the statute of limitations. (*Id.* 11-14).

Polley and LPL are correct that Plaintiff's negligence claims are time-barred to the extent they are premised on negligent procurement of the VUL, which occurred in 2000, 17 years before Plaintiff commenced this lawsuit. *See* Section III(A), *supra*. However, the Complaint alleges Polley and LPL had a duty to obtain the best possible investment results, that they breached that duty by negligently failing to appropriately monitor the funds to avoid continuing losses, and that their failure to monitor proximately caused harm to Plaintiff. Accepting the facts in the Complaint as true, as the Court is required to do at this stage, these allegations are sufficient to state a claim for negligence.

## IV.    CONCLUSION

For the foregoing reasons, the motion of Ms. Polley and LPL for judgment on the pleadings (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is:

(1)    **GRANTED** to the extent Plaintiff's claims are premised on acts or omissions that occurred prior to December 20, 2013;

(2)    **GRANTED** as to Plaintiff's claims for breach of fiduciary duties; and

(3)    **DENIED** as to Plaintiff's claims for negligence.

**IT IS SO ORDERED**.

Date:    1/24/19

Timothy S. Black
United States District Judge